Mary Belle HUTH, in her own behalf, Anthony Wayne PAUL and Mary Ellen HUTH, minors, by and through their mother and next friend, Mary Bell HUTH *v*. DIV. OF SOCIAL SERVICES OF THE DEPARTMENT OF HUMAN SERVICES, and Curtis IVEY, Commissioner of Social Services

85-158                                    698 S.W.2d 789

Supreme Court of Arkansas
Opinion delivered November 12, 1985
[Supplemental Opinion on Denial of Rehearing
December 16, 1985.*]

---

*James R. Cromwell*, UALR Legal Clinic, by: *Ricky Ruffin*, for appellants.

*Ivan H. Smith*, for appellees.

JACK HOLT, JR., Chief Justice. At issue in this case are the requirements for claimants seeking assistance through Aid to Families with Dependent Children (AFDC). As we are being asked to interpret the regulations of an administrative agency, our jurisdiction is pursuant to Sup. Ct. Rule 29(1)(c).

Appellant, Mary Belle Huth, applied for AFDC benefits on November 28, 1983 for herself and her two dependent children. In her application for assistance, she asserted that the father of her children, from whom she is estranged, was providing child support. She was unable, however, to obtain a statement from the father stating the amount of child support he proposed to pay. Her application for financial assistance was denied on February 8, 1984, since her income could not be ascertained without some statement as to the amount of support being provided by the father.

Mrs. Huth requested a fair hearing before the Arkansas Social Services, who subsequently affirmed the caseworker's decision. The agency's decision was affirmed on appeal by the Pulaski Circuit Court, third division. While the administrative appeal was pending, Mrs. Huth reapplied for AFDC assistance, this time asserting that the father of the children was providing no support. This application was approved on April 11, 1984, with benefits dating back to March 16, 1984.

Mrs. Huth brings this appeal from the denial of her first AFDC application. Although she is currently receiving assistance, Mrs. Huth claims she lost approximately two and one-half months of AFDC benefits during the interim between claims.

For her first allegation of error, Mrs. Huth maintains that an undue burden was placed on her by state policy to provide the information about the amount of child support being paid by the children's father.

Throughout the pendency of her first application for benefits, Mrs. Huth consistently advised Arkansas Social Services that the father of the children was providing support. To determine need and the amount of assistance for all applicants for AFDC, state plans must provide that "all types of income will be taken into consideration." 45 C.F.R. § 233.20(a)(1)(i). Arkansas Social Services Financial Assistance Regulation 2302 states:

The eligibility requirement of need is established by:

1.  Determining the value of resources available to persons in the AFDC assistance unit and determining whether these resources fall within allowable limits;

2.  Determining the income available to persons in the AFDC assistance unit and comparing this income to the standard of need, as established by the Division.

The agency was operating within the federal and state regulations by requiring Mrs. Huth to furnish information on child support. Its decision to deny the benefits for failure to furnish the requested information was not "arbitrary, capricious, or characterized by abuse of discretion." Ark. Stat. Ann. § 5-713(h) (Supp. 1985).

The appellant next contends that her claim should be allowed inasmuch as the agency failed to follow its own regulation requiring the approval, denial or withdrawal of all applications within 45 days. Arkansas Social Services Financial Assistance Regulation 2140. Here, 71 days passed between the application for benefits on November 28, 1983, and the denial of those benefits on February 7, 1984. The record reflects that on December 8, 1983, Mrs. Huth provided a statement which indicated that child support would be paid, but stated that a

signed verification could not be obtained. On January 10, 1984, the county office wrote Mr. Huth seeking the support information. On February 2, 1984, Mr. Huth contacted the county office and said he was paying child support and would provide a written statement. He never did. At her request, the county office gave Mrs. Huth until February 3, 1984, to obtain the statement. On February 3, Mrs. Huth again requested more time. The time was extended until February 6 and the application was denied the next day.

The delay in the agency's denial of the application was caused by Mrs. Huth's requests for additional time to provide the required verification of income. As such, the agency acted with reasonable promptness. *See Like* v. *Carter*, 448 F.2d 798 (8th Cir. 1971). The appellant's contention is therefore without merit. In summary, the state's regulations are reasonable and were reasonably applied.

We affirm.

PURTLE, J., not participating.

Supplemental Opinion on Denial of Rehearing
December 16, 1985

700 S.W.2d 367

296-B

JACK HOLT, JR., Chief Justice. In her petition for rehearing, filed pursuant to Sup. Ct. R. 20(g), appellant Mary Belle Huth, states that the court's opinion, delivered November 12, 1985, contains specific errors of fact upon which the court relied in its decision. Specifically, she states the court found that the appellant stated in her application, and consistently advised Social Services that the father of her children was providing child support. Mrs. Huth states that her ex-husband was not *providing* child support when she applied for AFDC assistance, but rather was *proposing* to pay child support. It was her inability to obtain verification from him of the amount of support he proposed to pay that led to the denial by social services of her application.

Appellant explains that these incorrect facts were contained in appellee's brief and that she attempted to apprise this court of the incorrect assertions by filing a motion to strike on November 12, 1985.

In its response, appellee acknowledges the factual errors contained in the brief and abstract prepared "by appellee's former counsel" and quoted in the opinion.

We deny appellant's petition for rehearing because the rationale for our opinion is not changed by the difference between benefits currently being received by an applicant and prospective benefits. Nevertheless, we wish to make several observations.

It is the responsibility of the parties to factually present their appeals and this court, of necessity, relies on their representations. Supreme Ct. R. 9(b) provides that the statement of the case "should be sufficient to enable the Court to read the abstract with an understanding of the nature of the case, the general fact situation, and the action taken by the trial court." Appellee's allegation in its statement of the case that Mrs. Huth had consistently advised social services that her ex-husband was providing child support was incorrect and violated Rule 9(b). In the argument portion of its brief, appellee made the second statement complained of here, that Mrs. Huth stated in her application that her ex-husband was providing child support. The record of the proceedings conducted by the agency does not contain the erroneous material. Rather, the error was made in the appellate brief filed by the appellee agency's attorney. This court cannot condone misleading statements in appellate briefs. We are

particularly disappointed that a state agency would commit such an error. Although all parties must comply with the rules of appellate procedure, an agency representing the public carries additional responsibility to discharge its duty properly. The gravity of the situation is apparent. It is only because our opinion did not rely on the current receipt of benefits by the applicant, that we do not grant a rehearing.

Appellant's option upon receipt of a copy of appellee's brief was to file a reply brief correcting the misstatement. Instead, she filed a motion to strike on the day the opinion was handed down by this court. Although appellant states she did not receive a copy of the appellee's brief until November 7, the Supreme Court Clerk's records reflect service by appellee upon appellant on August 26.

This court's opinion repeats the two incorrect statements made by appellee. This supplemental opinion is being written to make appropriate corrections. Elsewhere in the opinion, however, the situation was correctly depicted where the court stated: "She [Mrs. Huth] was unable, however, to obtain a statement from the father stating the amount of child support he *proposed* to pay" (emphasis added) and "The record reflects that on December 8, 1983, Mrs. Huth provided a statement which indicated that child support *would* be paid, but stated that a signed verification could not be obtained." (emphasis added) Furthermore, the record reflects, and the opinion accurately reported, that Mr. Huth contacted the county social services office and said he "was paying child support."

█ Arkansas Social Services Financial Assistance Regulation 2302 provides that the eligibility requirement of need is established by:

1.  Determining the value of resources available to persons in the AFDC assistance unit and determining whether these resources fall within allowable limits;

2.  Determining the income available to persons in the AFDC assistance unit and comparing this income to the standard of need, as established by the Division.

To determine need, state plans must provide that "all types of income will be taken into consideration." 45 C.F.R. § 233.20(a)(1)(i).

The agency was not acting arbitrarily, capriciously, nor abusing its discretion when it found that proposed child support payments should be considered in a determination of income available to an applicant for assistance.

Petition denied.

PURTLE, J., not participating.